**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON GREEN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>STAPLES CONTRACT & COMMERCIAL, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | CV 08-7138 SVW (JWJx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br>[10] [JS-6] |

**I.  INTRODUCTION**

   Plaintiff Shannon Green brings this Motion to Remand on the basis that Defendant Staples Contract & Commercial, Inc. ("Defendant") has not met its burden of proving that the amount in controversy exceeds $5 million pursuant to the Class Action Fairness Act ("CAFA").  For the reasons that follow, Plaintiff's Motion is GRANTED and the matter is remanded.

**II.   FACTS**

On April 25, 2008, Plaintiff filed this putative wage and hour class action in California state court.  The Complaint states causes of action for (1) failure to provide meal breaks, IWC Wage Order § 11(A); (2) failure to provide rest periods, Id. § 12(A); (3) failure to fully reimburse for work expenses, Cal. Labor Code §§ 450(a), 2802(a); (4) failure to timely furnish accurate itemized wage statements, Id. § 226(a); (5) willful failure to pay wages of an employee no longer in Defendant's employ, Id. § 203; (6) unfair business practices, Cal. Bus. & Prof. Code § 17200; and (7) declaratory relief, Cal. Civ. Proc. Code § 1060.  (Compl., 10-20.)  The Complaint also contains an allegation that "the aggregate claim is under the five million dollar threshold of the Class Action Fairness act of 2005."  (Id. at 5.)

Defendant removed the case to federal court on October 29, 2008.  Defendant claims that jurisdiction is appropriate pursuant to CAFA because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Massachusetts.  (Notice of Removal, at 6-8.)  Defendant alleges that the class includes 550 current and former workers and that the amount in controversy exceeds $5 million.  (Id. at 9-11.)  Moreover Defendant alleges that the removal was timely because Defendant did not learn that the amount in controversy might exceed $5 million until September 29, 2008, when Plaintiff served verified discovery responses, which stated that Plaintiff had not received an average of six meal breaks per week and five rest breaks per week.  (Id. at 11.)  Based on these numbers, Defendant alleges that the amount in controversy exceeds $5 million.

2

Plaintiff filed this Motion for Remand on November 17, 2008. Plaintiff challenges the propriety of removal based solely on the issue of the amount in controversy, arguing that Defendant has not met its burden of establishing that there is more than $5 million in controversy. (Mot., at 2.)

**III. ANALYSIS**

    A.   **Removal Jurisdiction**

A civil action in state court may be removed to federal court if the federal court had "original jurisdiction" over the matter. See 28 U.S.C. § 1441(a). Under CAFA, district courts are vested with "'original jurisdiction of any civil action in which . . . the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)). Furthermore, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

3

**B.   Removing Party's Burden of Proof**

The parties dispute what the Defendant's burden is to prove that the amount in controversy exceeds $5 million.  Plaintiff argues that since the Complaint alleges that the total amount of Plaintiff's claims does not exceed $5 million, the Defendant must prove by a "legal certainty" that the amount in controversy is satisfied.  (Mot., at 3.)  In response, Defendant contends that the amount sought in the Complaint is not entirely clear, and that under the circumstances, Defendant should only have to prove that the amount in controversy exceeds $5 million by a preponderance of the evidence.  (Opp'n, at 5-6.)

The Ninth Circuit has identified three different scenarios, with three different burdens of proof for establishing removal jurisdiction. "First, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" Lowdermilk, 479 F.3d at 998 (quoting Abrego Abrego, 443 F.3d at 683). "Second, if the complaint alleges damages in excess of the federal amount in controversy requirement, then the amount in controversy requirement is presumptively satisfied unless it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum."  Id.  Finally, where the plaintiff has pled a "specific amount in damages" less than the jurisdictional minimum, the defendant "'will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum.'"  Id. (quoting Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006)).

The Court's initial inquiry is whether Plaintiff has pled a "specific amount in damages" less than the jurisdictional minimum, or whether the amount pled is uncertain. If it is "facially apparent" from the complaint that the jurisdictional amount is in controversy, then the court need not look beyond the "four corners of the complaint" to determine whether the jurisdictional amount is satisfied. Lowdermilk, 479 F.3d at 998. In such cases, the court applies the "legal certainty" standard. Id. If, on the other hand, the plaintiff seeks no specific amount in damages, or the amount sought is unclear, then the court will look beyond the face of the complaint and apply the preponderance of the evidence standard. See id.; Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).

Defendant argues that this case is more similar to Guglielmino than Lowdermilk, because the amount Plaintiff seeks is unclear, and thus, the Court should apply the preponderance of the evidence standard. (Opp'n, at 4-5.) In Lowdermilk, the Ninth Circuit decided that it "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met, as Plaintiff avers damages ('less than five million dollars') that do not reach the threshold for federal jurisdiction." 479 F.3d at 998. Thus, the court held that the plaintiff had pled a "specific amount of damages," and applied the "legal certainty" standard. Id. at 998-99.

Shortly thereafter, in Guglielmino, the Ninth Circuit faced a similar situation where it had to decide what standard of proof to apply. 506 F.3d at 700. Even though the complaint alleged that the "sum of such damages and the value of injunctive relief sought by plaintiff in this action is less than $75,000," the court found that

5

the amount sought was unclear.  Id.  This was because, although the plaintiff put a limitation on the amount of damages sought, it did not put such a limit on the amount of attorneys' fees, which the court found "do not fit comfortably within the realm of 'damages.'"  Id. at 701.  Thus, the court held that the "complaint fail[ed] to allege a sufficiently specific total amount in controversy," which required the court to "apply the preponderance of the evidence burden of proof to the removing defendant."  Id.

In a footnote, the court in Guglielmino explained the distinction from the court's earlier holding in Lowdermilk.  Id. at 700 n.4.  The court noted that the complaint in Lowdermilk said that "the aggregate of claims does not exceed 5 million dollars."  Id.  The court reasoned:

> [T]he majority [in Lowdermilk] obviously read these sections of the complaint, and their reference to "aggregate total of claims," to include everything sought, including attorneys' fees.  In contrast, here the complaint does not use the word "claim" but instead references only "damages and injunctive relief," within neither of which attorneys' fees comfortably fit.

Id. (emphasis in original).  Thus, the important distinction was the fact that in Lowdermilk the plaintiff alleged that all "claims" amounted to less than the jurisdictional minimum, not just "damages."

Here, Plaintiff alleges that the "individual claims of the members of the Classes herein are under the seventy-five thousand dollar jurisdictional threshold for Federal Court and the aggregate claim is under the five million dollar threshold of the Class Action Fairness Act of 2005."  (Compl., at 5.)  Because Plaintiff has chosen to limit its "aggregate claim" to less than $5 million, which includes all

6

possible forms of relief, and not just damages, the Court finds that Plaintiff has pled a sufficiently specific amount in controversy that is less than the jurisdictional minimum. Thus, <u>Lowdermilk</u> controls and the legal certainty standard applies.

**C.   Amount in Controversy**

Applying the legal certainty standard, the Court must determine whether Defendant has carried its burden of proving that the amount in controversy exceeds $5 million. "The 'legal certainty' standard sets a high bar for the party seeking removal, but it is not insurmountable." <u>Lowdermilk</u>, 479 F.3d at 1000. The Court may consider facts in the notice of removal as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004).

Defendant asserts that the amount in controversy is satisfied by simply looking at Plaintiff's first two claims for missed meal and rest breaks. (Opp'n, at 7-8.) First, Defendant alleges that the putative class size consists of 550 employees, and that the average pay for the employees is $16.39 per hour for the first driver, and $16.98 for the second driver. Defendant claims to have calculated the number of workweeks in the putative four-year class to be 78,256.72. Furthermore, Defendant asserts that based on the verified discovery responses which Plaintiff produced, in which she claimed to have missed six meal periods per week and five rest periods per week, it can be assumed that all other members of the class missed the same number of meal and rest breaks. Thus, Defendant multiplies these amounts (11

7

missed meal/rest breaks per week x 78,256.72 weeks x $16.68 per hour), which produces Defendant's asserted $14,358.542.00 in controversy.

Taking a close look at Defendant's purported figures, however, there is a conspicuous lack of evidentiary support for these numbers. Defendant's primary argument is that since Plaintiff claimed in discovery responses that she missed approximately six meal breaks and five rest breaks per week, it can be assumed that all other members of the class missed the same. However, there is no evidence indicating how many rest and meal breaks the other class members missed.[1] In <u>Lowdermilk</u>, the court rejected the plaintiff's assumption that all employees would be entitled to penalty wages for the entire thirty-day maximum period. 479 F.3d at 1001. The court noted that "[m]any employees may have been paid only a few days late and, consequently, would be entitled to fewer days of penalty wages." <u>Id.</u> Similarly, here, many of the employees could have experienced only one or two missed meal and rest breaks per week or even per month. There is no evidence to support Defendant's claim that all class members

---

[1] In the Notice of Removal, Defendant did not attach Plaintiff's verified discovery responses. Morevover, during the more than one month leading up to the hearing on Plaintiff's Motion to Remand, Defendant did not submit evidence of the verified discovery responses to the Court. However, just one hour before the hearing on Plaintiff's Motion to Remand, Defendant electronically filed a Notice of Errata including the discovery reponses (although Defendant mislabeled them as Exhibit L, even though Defendant's Motion refers to them as Exibhit G (Notice of Removal, at 11)). When asked at the hearing whether the parties had any additional information, Defendant responded in the negative and did not alert the Court that it had filed a Notice of Errata just one hour before. Despite Defendant's apparent inability to properly submit this important evidence, however, the Court will consider it for the purposes of deciding this Motion.

experienced the same kind of treatment as Plaintiff.[2]  See Lowdermilk, 479 F.3d at 1001.

There is also an absence of evidence supporting Defendant's assertion of the four-year class period and the number of work weeks at issue.  Defendant makes the bald assertion that a four-year class period is involved without citing to anything in the record or any evidence provided in support of removal.  (Opp'n, at 8.)  Moreover, Defendant's support for the number of workweeks involved is the simple declaration of Ryan Eskin that "my office has calculated that the number of workweeks in the putative class is no less than 78,256.72." (Eskin Decl., at 2.)  Defendant provides no explanation for how it reached this number.  Thus, "absent more concrete evidence, it is nearly impossible to estimate with any certainty the actual amount in controversy."  Lowdermilk, 479 F.3d at 1001.

Defendant further asserts that if the Court considers the other claims in the Complaint, the amount will exceed the jurisdictional minimum.  (Opp'n, at 9.)  Defendant alleges that the claim for violation California Labor Code § 226 authorizes an aggregate civil

---

[2] Both parties spend significant time discussing the decision of a district court in Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Korn is distinguishable from this case in an important way, however, because the complaint did not allege a specific amount of damages and therefore the court applied the preponderance of the evidence standard. Id. Furthermore, although the court in Korn noted that courts "may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy is met," id. at 1205, this is not necessarily the case when applying the legal certainty standard. Rather, the Ninth Circuit's decision in Lowdermilk controls, in which the court was clear that the removing party must provide evidence to support its claim that all class members would be entitled to the maximum statutory damages. 479 F.3d at 1001 ("Defendant assumes that all class members would be entitled to the maximum damages . . . , but provides no evidence to support this assertion.").

1  penalty up to $4,000 per violation for failure to provide employees
2  with an itemized wage statement.  Based on the purported class size of
3  550, Defendant alleges that this claim alone amounts to $2.2 million.
4  Furthermore, Plaintiff's claim pursuant to § 203 provides a "waiting
5  time penalty" of up to thirty days for any compensation owed to him,
6  which would result in a total amount of $2.1 million for the class.
7       There are two important errors, however, in Defendant's
8  calculations.  First, § 203 only applies to employees who have been
9  terminated, yet Defendant does not indicate how many employees they
10 have included in the class have actually been terminated.  The 550
11 number is the same that Defendant uses for the purposes of calculating
12 the missed meal and rest breaks; nowhere does the Defendant provide
13 evidence that all 550 purported members of the class has been
14 terminated.  Secondly, Defendant assumes that all terminated employees
15 will recover the maximum of thirty days for the waiting time penalty.
16 As mentioned before, the court in <u>Lowdermilk</u> found error with this
17 reasoning, noting that the Oregon law at issue provided for penalty
18 wages "<u>up to</u> 30 days," and there was no evidence that the class members
19 would be paid on average 12 days late.  479 F.3d at 994.  Similarly
20 here, Plaintiff has provided no evidence as to how late on average the
21 payments were to the class members.
22      Finally, Defendant contends that the Court should consider
23 attorneys' fees, and that in a case like this, a seven figure
24 attorneys' fees demand is not unreasonable. (Opp'n, at 10.)  Defendant
25 is correct that attorneys' fees are included in the amount in
26 controversy calculation if the underlying statute provides for them.
27 See <u>Lowdermilk</u>, 479 F.3d at 1000.  Here, Defendant has provided the
28

10

declaration of Mr. Eskin's that in cases like these, "it is not uncommon for attorneys' fees . . . to exceed $100,000." (Eskin Decl., at 3.) However, even assuming an attorneys' fees claim of $100,000, the Court still cannot be confident that the amount in controversy would exceed $5 million. This is because of the underlying uncertainty surrounding the amount in controversy for the missed meal and wage break claims, and the claim for violation of § 203.[3] Until the parties are able to more definitively ascertain the extent of damages, the Court cannot base its jurisdiction on Defendant's "speculation and conjecture." Lowdermilk, 479 F.3d at 1002; see also Ortiz v. Menu Foods, Inc., 525 F. Supp. 2d 1220, 1227 (D. Haw. 2007) (finding that the removing party had not proved damages by a legal certainty).[4]

///
///
///
///
///
///
///
///

---

[3] Defendant provides no estimate or evidence of the amount of damages that could be recovered for the other claims alleged in the Complaint for (1) failure to reimburse for work expenses, (2) unfair business practices, and (3) declaratory relief.

[4] Given that CAFA eliminates the one-year removal limitation, if, at a later date, it becomes apparent by a legal certainty that the amount in controversy exceeds $5 million, Defendant should still have the ability to remove the case to federal court. See 28 U.S.C. § 1453(b). At this time, however, Defendant has not satisfied its burden.

11

**IV. CONCLUSION**

Thus, because Defendant has not proven that the amount in controversy exceeds $5 million by a "legal certainty," Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

DATED: December 10, 2008

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE